# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARK THOMPSON | § | |
| | § | |
| V. | § | A-18-CV-1031-RP |
| | § | |
| TEXAS WORKFORCE COMMISSION | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Mark Thompson's Complaint (Dkt. No. 1), and Application to Proceed *In Forma Pauperis* (Dkt. No. 2). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Thompson's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Thompson *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Thompson is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a review of the claims made in Thompson's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendant.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

**A.  Standard of Review**

Because Thompson has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Although not entirely clear, Thompson is attempting to bring this lawsuit under 42 U.S.C. § 1983 against the Texas Workforce Commission ("TWC") based on its handling of his employment discrimination dispute against his former employer. Thompson alleges the TWC was biased and is attempting to seek monetary damages against it under 42 U.S.C. § 1983. Thompson has also filed a separate employment discrimination lawsuit against his former employer Resale Resources Corporation which is currently pending in this Court. *See Thompson v. Resale Resources Corp.,* 1:18-CV-1030-RP.

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf State Utilities Company, Local Union Number 2286, et al.*, 794 F.2d 974, 980 (5th Cir.), *cert. denied*, 479 U.S. 1008 (1986); see also, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This includes suits against a state agency because a suit against a state agency "is a suit against the state ...." *Id.* The Eleventh Amendment divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans–Hudson v. Feeney*, 495 U.S. 299, 304 (1990). Because the Eleventh Amendment protects the states' sovereign immunity, federal courts lack jurisdiction over suits against a state for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity. *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015); *Moore v. La. Bd. of Elem. and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Texas has not waived its Eleventh

Amendment immunity, and Congress did not abrogate that immunity when enacting Section 1983. *NiGen*, 804 F.3d at 394.

"TWC is an agency of the State of Texas and therefore all claims brought against it are barred by the Eleventh Amendment." *Salinas v. Texas Workforce Comm'n*, 573 F. App'x 370, 372 (5th Cir. 2014). Accordingly, the Court is without jurisdiction with respect to Thompson's claims agaisnt the TWC. Thompson has failed to state a claim for relief under § 1983 and his lawsuit should be dismissed under § 1915(e)(2)(B).

### III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Mark Thompson *in forma pauperis* status (Dkt. No. 2). The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Thompson's § 1983 lawsuit with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Lastly, the Clerk is **ORDERED** to **REMOVE** this suit from the docket of the undersigned.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of December, 2018.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE